UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CANDEE HOGGATT, <br><br>　　　　　Plaintiff, <br><br>　　vs. <br><br>RELIANCE FINANCIAL GROUP, LLC d/b/a ASSURANCE FINANCIAL MANAGEMENT GROUP, LLC, <br><br>　　　　　Defendant. | Civil Action No. 5:22-cv-346 |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TEXAS DEBT COLLECTION ACT AND DEMAND FOR JURY TRIAL**

Plaintiff, CANDEE HOGGATT ("HOGGATT"), by way of Complaint against Defendant, RELIANCE FINANCIAL GROUP, LLC d/b/a ASSURANCE FINANCIAL MANAGEMENT GROUP, LLC ("RELIANCE"):

**NATURE OF THE ACTION**

1.　This action is brought by Plaintiff, demands a trial by jury, for the illegal practices of the Defendant who used unfair, unconscionable, false, deceptive, and misleading practices, and other illegal practices, while attempting to collect alleged debts from Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Texas Debt Collection Act, Tex. Fin. Code § 392, *et seq.* ("TDCA").

2.　The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of

abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the Plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

4. The TDCA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCA and Deceptive Trade Practices Acts).

5. Plaintiff seeks statutory damages, actual damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, TDCA, and all other common law or statutory regimes.

6. This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5) and a "consumer

debt" as that term is defined by Tex. Fin. Code § 392.001(2).

## PARTIES

7. HOGGATT is a natural person.

8. At all times relevant to the factual allegations of this Complaint, HOGGATT was a citizen of, and resided in, the City of Saint Hedwig, Bexar County, Texas.

9. HOGGATT is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. At all times relevant to the factual allegations of this Complaint, RELIANCE was a Delaware Limited Liability Company and, on information belief, is registered to transact business in the State of Texas.

11. On information and belief, the corporate office location of RELIANCE is 1750 160 W. Ste 101 #296, Fort Mill, South Carolina, 29708, and can be served via its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

12. RELIANCE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

13. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14. Supplemental jurisdiction for Plaintiffs' state law claims arises under 28 U.S.C. § 1367.

15. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this federal judicial district, and because the named Defendant regularly transact business within this federal judicial district and, therefore, reside in the State of Texas within the meaning of 28 U.S.C. § 1391(b) and (c).

## FACTUAL ALLEGATIONS

16. Defendant is regularly engaged in the collection of debts.

17. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

18. Defendant regularly collects or attempts to collect, directly, or indirectly, debts owed or due or asserted to be owed or due another.

19. In August 2021, Defendant's employee or agent placed a call to Plaintiff's telephone and left the following voice message:

> Candee, My name is May Roberts contacting you regarding a claim that is in the process of being filed in Bexar County. By law I have to make you aware of one's claim number – 384335 – once filed with the County it becomes a matter of public record and there is an Order for the location. Since I was unable to reach you by phone I have been instructed to contact your employer to speak with your supervisor because it looks like there is going to be lack of place [sic] of location. Candee, you have the legal right to contact the office filing the claim. However, once the claim filed it will no longer be an option. The phone number provided for the office is 855-716-6613. Also says you're gonna need to speak with their legal department. Candee Hoggat, you are duly notified by telephone unless I am so otherwise you will be loc[].

20. The undersigned counsel for Plaintiff has also confirmed the number identified in the message – 855-716-6613 – belongs to Defendant.

21. Following this call, Defendant placed a call to Plaintiff's place of employment, spoke with the general manager, and asked that he convey a message to Plaintiff.

22. Plaintiff was embarrassed by this communication.

23. Plaintiff then contacted Defendant and was advised it was seeking to collect a 2016 debt owed to Great Plains in the amount of $5,000.

24. Plaintiff was not familiar with a debt owed to Great Plains and was not sure who was contacting her to collect this debt.

25. Plaintiff was not provided Defendant's name during the course of this communication or informed that it was attempting to collect a debt.

26.     For the purpose of identifying and pursuing the entity who had contacted and falsely threatened her with litigation and other adverse consequences, and to cease further communications from Defendant, Plaintiff agreed to a payment plan with Defendant.

27.     Pursuant to this arrangement, on August 13, 2021, Defendant charged Plaintiff's card for the first payment in the amount of $100.00.

28.     According to bank issuing her card, the payment was made to "Regional 9129 Monroe Rd Ste 125 8…".

29.     Upon information and belief, Defendant maintains an office location at 9129 Monroe Road, Ste. 125, Charlotte, North Carolina, 28270.

30.     On or about August 21, 2021, which was the date of the second scheduled payment, Defendant left another message for Plaintiff stating the following:

> Hi Candee, This is Angelica [] contacting you regarding your out of court restitution that you have scheduled for today in the amount of $197.98.  If you could give us a call back case number 384335 contact number 855-716-6613.  Again contacting you regarding your out of court restitution that you had scheduled for today.

31.     On this same date, August 20, 2021, Defendant charged Plaintiff's card for the second payment in the amount of $197.98.

32.     According to bank issuing her card, this second payment was also made to "Regional 9129 Monroe Rd Ste 125 8…", an address associated with Defendant.

33.     None of the messages left by Defendant's employees and agents on Plaintiff's voice mail sated that Defendant is a debt collector or that Defendant was calling in connection with efforts to collect an alleged debt from Plaintiff.

34.     Defendant and their employees and agents also failed to meaningfully identify themselves and their companies in voice mails left for Plaintiff.

35.     Still unsure of Defendant's identity and worried this was a scam, Plaintiff cancelled

her credit card and made no further payments to Defendant.

36. Following these payments, Defendant continued to harass Plaintiff for payment.

37. Between August 2021 and September 2021, Defendant contacted Plaintiff's family and place of employment in its attempt to collect this alleged debt.

38. During these calls, Defendant has threatened to "come pick up" Plaintiff.

39. This caused Plaintiff to worry that someone would come and arrest her for failure to pay this alleged debt.

40. Defendant also disclosed information to Plaintiff's mother, father, wife, and co-workers concerning Plaintiff and the alleged debt without Plaintiff's consent.

41. Although Defendant threatened to sue Plaintiff for the alleged debt, Defendant did not file a lawsuit against Plaintiff.

42. Upon information and belief, Defendant did not intend to take such action, but made this threat in order to coerce payment from Plaintiff.

43. Upon information and belief, Defendant could not sue Plaintiff for the alleged debt as the statute of limitations had expired.

44. Defendant, and its employees and agents, each have intentionally and willfully violated the FDCPA and TDCA.

45. Defendant was aware, or should have been aware, of the unlawful debt collection practices being used by its agents and employees to collect alleged debts.

46. As an actual and proximate result of the acts and omissions of Defendant, and its employees and agents, Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional distress, embarrassment, anxiety, and loss of sleep, for which she should be compensated in an amount to be established at trial.

## COUNT I
## DEFENDANT VIOLATED §1692D OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

47. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

48. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person, in connection with the collection of a debt.

49. Defendant violated section 1692d of the FDCPA when it placed repeated harassing calls to Plaintiff, her family, and her co-workers; threatened Plaintiff with potential litigation when it did not have the intention to take such action; threatened to "come pick up" Plaintiff when speaking with third parties concerning Plaintiff and the alleged debt; and when it engaged in other conduct the natural consequences of which were to harass, oppress and abuse Plaintiff in connection with the collection of this alleged debt.

## COUNT II
## DEFENDANT VIOLATED §§1692E AND E(10) OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

50. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

51. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. Section 1692e(10) of the FDCPA prohibits debt collectors from using any any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53. Defendant violated sections 1692e and e(10) of the FDCPA when it threatened to

take legal action against Plaintiff without the intention of taking such action; when it threatened to have someone "come pick up" Plaintiff when speaking with third parties regarding Plaintiff and the alleged debt; when it failed to disclose its identity; when it failed to disclose it was attempting to collect a debt; when it falsely implied it was an attorney by indicating it had a legal department; and when it engaged in other conduct that was false, deceptive or misleading.

### COUNT III
### DEFENDANT VIOLATED §1692E(2)(A) OF
### THE FAIR DEBT COLLECTION PRACTICES ACT

54. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

55. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from falsely representing the character, amount, or legal status of any debt.

56. Defendant violated section 1692e(2)(A) of the FDCPA when it falsely stated a case was being filed against Plaintiff to collect the alleged debt and referred to the settlement as an "out of court restitution" when this matter was not pending in court.

### COUNT IV
### DEFENDANT VIOLATED §1692E(2)(C) OF
### THE FAIR DEBT COLLECTION PRACTICES ACT

41. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

42. Section 1692e(2)(C) of the FDCPA prohibits debt collectors from falsely representing or implying that any individual is an attorney or that the communication is from an attorney.

43. Defendant violated section 1692e(2)(C) of the FDCPA when it implied that communications were from an attorney by referencing a claim number and referring Plaintiff to a

legal department number.

## COUNT V
## DEFENDANT VIOLATED §1692E(4) OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

44. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

45. Section 1692e(4) of the FDCPA prohibits debt collectors from falsely representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person.

46. Defendant violated section 1692e(4) of the FDCPA when it indicated to Plaintiff's family members and co-workers that it as coming to "pick up" Plaintiff.

## COUNT VI
## DEFENDANT VIOLATED §1692E(5) OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

47. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

48. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken.

49. Defendant violated section 1692e(5) of the FDCPA when it threatened to take legal action against Plaintiff and implied that legal action had been taken when it had no intention of taking legal action against Plaintiff, and based on information and belief could not take due to the expiration of the statute of limitations on the alleged debt.

## COUNT VII
## DEFENDANT VIOLATED §1692E(7) OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

50. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

51. Section 1692e(7) of the FDCPA prohibits debt collectors from representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer.

52. Defendant violated section 1692e(7) of the FDCPA when it indicated to Plaintiff's family members and co-workers that it as coming to "pick up" Plaintiff.

## COUNT VIII
## DEFENDANT VIOLATED §1692E(11) OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

53. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

54. Section 1692e(11) of the FDCPA requires debt collectors to disclose in subsequent communications that the communication is from a debt collector.

55. Defendant violated section 1692e(11) when it failed to disclose it was a debt collector.

## COUNT IX
## DEFENDANT VIOLATED §1692B OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

56. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

57. Section 1692b of the FDCPA prohibits debt collectors from communicating with any person other than the consumer for the purpose of acquiring location information about the consumer and requires them to (1) identify [it]self, state that [it] is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify [the] employer; (2) not state that such consumer owes any debt; (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector

reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

58. Defendant violated section 1692b of the FDCPA when it placed repeated calls to Plaintiff's family and co-workers on more than one occasion, when it was not seeking location information as it was in touch with Plaintiff, and disclosing information beyond what is permissible in the statute.

## COUNT X
## DEFENDANT VIOLATED §1692C(B) OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

59. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

60. Section 1692c(b) of the FDCPA prohibits debt collectors from communicating with a thirty party without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy.

61. Defendant violated section 1692c(b) of the FDCPA when it placed communicated with Plaintiff's family and co-workers without Plaintiff's consent, a court order, or in connection with the effectuating a postjudgment judicial remedy.

## COUNT XI
## DEFENDANT VIOLATED §1692F OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

62. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

63. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or

unconscionable means to collect a debt.

64. Defendant violated section 1692f of the FDCPA when it placed repeated harassing calls to Plaintiff, her family, and her co-workers; threatened Plaintiff with potential litigation when it did not have the intention to take such action; threatened to "come pick up" Plaintiff when speaking with third parties concerning Plaintiff and the alleged debt; when it threatened to take legal action against Plaintiff without the intention of taking such action; when it threatened to have someone "come pick up" Plaintiff when speaking with third parties regarding Plaintiff and the alleged debt; when it failed to disclose its identity; when it failed to disclose it was attempting to collect a debt; when it falsely implied it was an attorney by indicating it had a legal department; when it contacted third parties and disclosed personal information to them; and when it engaged in other unfair and unconscionable conduct in the connection with the collection of a debt.

## COUNT XII
## DEFENDANT VIOLATED §392.301(A)(1) AND §392.301(A)(5)
## THE TEXAS DEBT COLLECTION ACT

65. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

66. Section 392.301(a)(1) of the TDCA prohibits debt collectors from using or threatening to use violence or other criminal means to cause harm to a person or property of a person.

67. Section 392.301(a)(5) of the TDCA prohibits debt collectors from threatening that the debtor will be arrested for nonpayment of a consumer debt without proper court proceeding.

68. Defendant violated sections 392.301(1) and (5) of the TDCA when it threatened to "come pick up" Plaintiff implying that Plaintiff would be arrested.

## COUNT XIII
## DEFENDANT VIOLATED §392.301(A)(8)
## THE TEXAS DEBT COLLECTION ACT

69. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

70. Section 392.301(a)(8) of the TDCA prohibits debt collectors from threatening to take action prohibited by law.

71. Defendant violated section 392.301(a)(8) of the TDCA when it threatened to sue Plaintiff for a debt that was beyond the statute of limitations.

## COUNT XIV
## DEFENDANT VIOLATED §392.302(2)
## THE TEXAS DEBT COLLECTION ACT

72. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

73. Section 392.302(2) of the TDCA prohibits debt collectors from placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number.

74. Defendant violated section 392.302(2) of the TDCA when it placed repeated harassing calls to Plaintiff and failed to disclose the identity of who was calling.

## COUNT XV
## DEFENDANT VIOLATED §392.302(5)
## THE TEXAS DEBT COLLECTION ACT

75. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

76. Section 392.302(5) of the TDCA prohibits debt collectors from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the

intent to harass a person at the called number.

77. Defendant violated section 392.302(4) of the TDCA when it placed repeated harassing calls to Plaintiff.

## COUNT XVI
## DEFENDANT VIOLATED §392.304(A)(5)
## THE TEXAS DEBT COLLECTION ACT

78. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

79. Section 392.304(a)(5) of the TDCA prohibits debt collectors from failing to disclose (A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor; or (B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor.

80. Defendant violated section 392.304(a)(5) of the TDCA when it failed to make these required disclosures when communicating with Plaintiff.

## COUNT XVII
## DEFENDANT VIOLATED §392.304(A)(8)
## THE TEXAS DEBT COLLECTION ACT

81. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

82. Section 392.304(a)(8) of the TDCA prohibits debt collectors misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding.

83. Defendant violated section 392.304(a)(8) of the TDCA when it threatened to take legal action against Plaintiff and implied that legal action had been taken when it had no intention of taking legal action against Plaintiff, and based on information and belief could not take due to the expiration of the statute of limitations on the alleged debt.

### COUNT XVIII
### DEFENDANT VIOLATED §392.304(A)(17)
### THE TEXAS DEBT COLLECTION ACT

84. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

85. Section 392.304(a)(8) of the TDCA prohibits debt collectors representing that a consumer debt is being collected by an attorney if it is not.

86. Defendant violated section 392.304(a)(8) of the TDCA when it implied that communications were from an attorney by referencing a claim number and referring Plaintiff to a legal department number.

### COUNT XIX
### DEFENDANT VIOLATED §392.304(A)(17)
### THE TEXAS DEBT COLLECTION ACT

87. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

88. Section 392.304(a)(8) of the TDCA prohibits debt collectors using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

89. Defendant violated section 392.304(a)(8) of the TDCA when it threatened to take legal action against Plaintiff without the intention of taking such action; when it threatened to have someone "come pick up" Plaintiff when speaking with third parties regarding Plaintiff and the alleged debt; when it failed to disclose its identity; when it failed to disclose it was attempting to

collect a debt; when it falsely implied it was an attorney by indicating it had a legal department; and when it engaged in other conduct that was false, deceptive or misleading

### PRAYER FOR RELIEF.

WHEREFORE, Plaintiff CANDEE HOGGATT respectfully request the Court enter judgment against Defendant, RELIANCE FINANCIAL GROUP, LLC d/b/a ASSURANCE FINANCIAL MANAGEMENT GROUP, LLC, as follows:

A. Awarding actual damages as may be proven by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);

B. Awarding actual damages as may be proven by Plaintiff pursuant to Tex. Fin. Code § 392.403(a)(2);

C. Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. Awarding reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(3);

E. Awarding reasonable attorney's fees and costs pursuant to Tex. Fin. Code §392.403(b);

F. For such other and further relief as may be just and proper.

### JURY DEMAND.

Demand is hereby made for trial by jury.

Dated: April 8, 2022                Respectfully Submitted,

                                          *s/ Amy L. B. Ginsburg*
                                          Amy L. B. Ginsburg (24107506)
                                          GINSBURG LAW GROUP, P.C.
                                          1012 N. Bethlehem Pike, Suite 103, Box #9
                                          Ambler, PA 19002
                                          Telephone: (855) 978-6564
                                          Facsimile: (855) 777-0043

Email: efilings@ginsburglawgroup.com

*OF COUNSEL*
THOMASSON PLLC
16414 San Pedro Avenue, Suite 700
San Antonio, TX 78232
Telephone:   (973) 312-0774
Facsimile: (973) 559-5579
Email: amy@thomassonpllc.com